# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 20-1484V**

|  |  |
|---|---|
| MITZI LEE,<br><br>            Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>            Respondent. | Chief Special Master Corcoran<br><br>Filed: June 2, 2026 |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Madelyn Weeks, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 28, 2020, Mitzi Lee filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a form of Guillain-Barré syndrome ("GBS"), and Bell's Palsy, caused in fact by an influenza ("flu") vaccine she received on November 11, 2018. Petition at 1. On April 19, 2021, I issued a ruling on entitlement finding Petitioner entitled to compensation. ECF No. 16. On November 10, 2025, I issued a decision awarding damages to Petitioner following briefing by the parties. ECF No. 62.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $81,595.03 (representing $66,898.50 in fees plus $14,696.53 in costs). Petitioner's Application for Attorneys' Fees ("Motion") filed February 4, 2026, ECF No. 67. Furthermore, counsel for Petitioner represents that no personal out-of-pocket expenses were incurred. ECF No. 67 at 2.

Respondent reacted to the motion on February 12, 2026, representing that he is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent notes, however, that the invoice for Petitioner's expert, Dr. Joseph Jeret, is neither detailed nor was created contemporaneously with the work performed in this case, and actually slightly predates when experts were approved for this matter. Also, Respondent notes the invoice for Petitioner's Economist does not indicate the amount of time spent on each task. Respondent's Response to Motion at ECF No. 68. Petitioner filed no reply thereafter.

ANALYSIS

The rates requested for work performed by attorney Maximillian Muller through 2026 are reasonable and consistent with our prior determinations, and will therefore be awarded herein.

Regarding the time billed, I note that this case required additional briefing regarding damages. *See* Petitioner's Brief in Support of Damages, filed Aug. 1, 2023, ECF No. 55; Petitioner's Reply to Respondent's Response to Petitioner's Brief in Support of Damages, filed Feb. 26, 2024, ECF No. 61; Petitioner's counsel expended approximately 25.4 hours drafting the damages brief, and 15.5 hours drafting the responsive brief, for a combined total of 40.9 hours. ECF No. 67 at 17-22. This case was more complex than a typical flu vaccine/GBS case and involved three experts, multiple witnesses, voluminous records, and complex briefing. As such, I find the time spent on these matters to be reasonable, and I will award the attorney's fees requested.

Although the invoices for Petitioner's experts do not contain all the details typically required for experts, the submitted documentation, which includes the hourly rates billed for each expert, coupled with the details of the work completed, is sufficient for purposes of calculating this cost. *See Worcester v. Sec'y of Health & Hum. Servs.*, No. 16-1641V, 2022 WL 3369714, at *4-5 (Fed. Cl. Spec. Mstr. July 13, 2022) (awarding a flat rate of $2,500.00 for an independent medical evaluation). The fact that Dr. Jeret started preparing his report one day prior to obtaining approval from the Court is not significant

in this case, since Dr. Jeret was Petitioner's treating neurologist (and his involvement was somewhat predictable given these circumstances). Accordingly, I will reimburse Petitioner in full for the cost of both experts.

Finally, Petitioner has otherwise provided all supporting documentation for the remaining claimed costs. ECF No. 67 at 25-59. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$81,595.03 (representing $66,898.50 in fees plus $14,696.53 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.